SIMMONS, Supernumerary Circuit Judge.
Defendant (an indigent on this appeal) was indicted for murder in the first degree. He pled not guilty on arraignment. The basis of the plea was self defense. A jury returned a verdict that found him guilty of first degree manslaughter. Sentenced to three years imprisonment.
The victim of the homicide was James Edward Coosenberry, who was slain in defendant’s home. Present were defendant and his wife, the victim and his wife, Mrs. Nola Smith and her son, and some small children. The occasion was social frivolities and dancing to the tune of a record player furnished by Mrs. Smith, from her nearby home. The social life was stimulated by alcoholic beverages which was consumed by the hosts and guests.
An investigation of the homicide was made by the sheriff’s office on the night of the homicide, which occurred on Saturday, February 16, 1974. One of the investigating officers was Deputy Long.
The State undertook to prove by its witness, Mrs. Nola Smith, the motivation for the shooting. The defendant here contends that the State’s interrogation of the witness, references being made to certain questions, and certain answers, to which appropriate objections were made, was prejudicial to defendant.
In an effort to establish ill-will on the part of defendant to deceased, the State sought to prove by Mrs. Nola Smith that defendant got mad and shot deceased because he had been dancing with his (defendant’s) wife. We now refer to pertinent questions, answers, and the rulings of the court:

“Q. Mrs. Smith, was there any conversation between Jesse Marlar and his wife about her dancing with Coosenberry?
“A. I didn’t hear anything about that, now. I couldn’t tell you.
“Q. Did you on this evening — on the sixteenth of February, 1974, talk to the deputy there, Mr. Hood?
“A. When he came out there that night?
“Q. Yes ma’m.
“A. I sure did.
“Q. Do you recall making a statement to him — ”
Objection to question was sustained.

“MR. PATTON: [District Attorney] Judge, at this time we are going to announce surprise of this witness here.
“MR. GRAHAM: Now, if we’re going to announce surprise, that’s something the Court needs to take up with the lawyers outside the presence of the jury.” [Bracketed material added.]
The jury was returned and the following proceedings were had:

“Q. Now, Mrs. Smith, do you recall on the night of February 16, the night that the shooting took place out at Jesse Lee Marlar’s — do you recall seeing Mr. Long and another man, Mr. Haney, that night? Did they come to your house?
“A. There was four of them came there that night.
“Q. All right, do you recall specifically though, Mr. Long, here sitting with me?
“A. Yes.
“Q. All right, do you recall making a statement to them to the effect, ‘Jesse got mad and accused Coosenberry of dancing with his wife — she was not dancing with him, but Jesse was drunk and *140 dreamed it up in his mind that she was.’?
“MR. GRAHAM: Now, wait a minute. We object to this. This is clearly illegal, irrelevant, and immaterial. This is hearsay testimony. This is in violation of the rule that he is vouching for the veracity of his witness. This goes into the matters that wouldn’t even be of substantive value if he otherwise had a right to lead the witness. We object to it on those grounds.
“BY THE COURT: Overruled.
“MR. GRAHAM: Now, we move for a mistrial. This is so prejudicial and so contrary to the rules of evidence as to this man’s rights who is on trial. It is leading. It is prejudicial. It is hearsay. It is violation of due process of law on those grounds — we move for a mistrial.
“BY THE COURT: Overruled.
“MR. GRAHAM: WE EXCEPT.
“BY THE COURT: Answer the question, please ma’m. Do you want her to read it to you again?
“A. Sir?
“BY THE COURT: Answer the question if you remember it. If you don’t remember it, say so and I’ll get her to read it to you.
“A. What he just now asked me here?
“BY THE COURT: Yes ma’m.
“A. Well, I don’t remember it. I might have done it. I was so upset. I don’t remember it, though. If I told him, I told him. That’s all I know. I was upset so, I don’t know.”
While these questions collectively, were an attempt on the part of the State to show surprise, supra, wherein the witness had answered that she didn’t hear anything about a conversation between defendant and deceased about the latter dancing with defendant’s wife. We think the witness’ answer, supra, that she did not remember, but she might have done it; that she was upset, was not prejudicial to the extent of reversing the case. The record contains 104 pages of testimony on transcript paper as to what happened. In the light of the record, the answer of the witness that she did not remember and was upset; in our judgment was without injury to defendant. The jury was fully informed as to what happened and that the killing was induced by too many drinks of alcoholic beverages that kindled flaring tempers.
We find no error in the record, The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.